# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **JEFF and MIRANDA SMART,** <br> **individually and on behalf of all** <br> **similarly situated individuals** | * <br> * <br> * <br> * | |
| **Plaintiff,** | * <br> * | |
| **vs.** | * <br> * | **Case No.** _____ |
| **US BANK NATIONAL ASSOCIATION,** | * <br> * | |
| **Defendant.** | * | |

## COMPLAINT

**NOW COME** Plaintiffs, Jeff and Miranda Smart, individually and on behalf of all similarly situated individuals, and as their Complaint against the Defendant US Bank National Association, avers as follows:

## INTRODUCTION

Plaintiffs bring this action for violation of the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq., ("TILA"), and its implementing Federal Reserve Board Regulation Z, 12 C.F.R. Part 226. Defendant failed to provide notice of the transfer of ownership interest in Plaintiffs' mortgage loan as required by 15 U.S.C. § 1641(g).

## JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), and 15 U.S.C. § 1640 (Truth in Lending Act).

2.    Venue is proper here because the events giving rise to Plaintiffs' cause of action occurred in this district.

## THE PARTIES

3.      Plaintiffs are adult residents of Mobile County, Alabama.

4.      Defendant U. S. Bank National Association ND ("U.S. Bank") is national bank formed outside the State of Alabama and, at all times relevant hereto, U.S. Bank conducted business in Mobile County, Alabama.

## FACTUAL ALLEGATIONS

5.      On June 16, 2009, Plaintiffs executed a real estate mortgage with Colonial Bank in the amount of $171,927.00.

6.      On December 23, 2010, ownership interest in the Plaintiff's mortgage and note was assigned to US Bank. A written Assignment identifying US Bank as the assignee was executed on December 23, 2010, and recorded in the probate office of Mobile County, Alabama on or about January 14, 2011. (See Assignment attached hereto as Exhibit "A")

7.      The mortgage loan at issue was secured by the Plaintiffs' principal residence.

8.      The Truth-in-Lending Act, at 15 U.S.C. § 1641(g), requires notification of the borrower within 30 days of any transfer or assignment of their mortgage loan to a third party. Specifically § 1641(g) states:

> (g) **Notice of new creditor**
>     (1) **In general**
>     In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—
>
>     (A) the identity, address, telephone number of the new creditor;
>     (B) the date of transfer;

2

(C) how to reach an agent or party having authority to act on behalf of the new creditor;

(D) the location of the place where transfer of ownership of the debt is recorded; and

(E) any other relevant information regarding the new creditor.

**(2) Definition**

As used in this subsection, the term "mortgage loan" means any consumer credit transaction that is secured by the principal dwelling of a consumer.

15 U.S.C. § 1641(g).

9.      US Bank failed to provide to Plaintiffs, and the class described below, disclosures required by TILA Section 1641(g).

## COUNT ONE

10.     Plaintiffs reallege the allegations above as if fully set out herein.

11.     With respect to Plaintiffs, US Bank received by assignment a ownership interest in their mortgage and note.

12.      US Bank is a "creditor" as that term is used in 15 U.S.C. § 1641(g).

13.      Said mortgage secures an interest in real estate which is used by Plaintiffs as their principal dwelling.

14.     Upon receipt of that assignment US Bank was required to notify Plaintiffs in writing of such transfer, within 30 days, and make all the disclosures set out above.

15.     US Bank failed to notify Plaintiffs at all and therefore failed to make the requisite disclosures.

WHEREFORE Plaintiffs demands judgment for statutory damages, costs and attorneys' fees pursuant to 15 U.S.C. § 1640(a).

## CLASS ALLEGATIONS

3

16.     Plaintiffs reallege the allegations above as if fully set out herein.

17.     These claims are brought on behalf of all residential mortgage borrowers who:

    A.     From a time period beginning one year prior to the date of the filing of this complaint to the present;

    B.     Had a mortgage loan, as that term is defined by 15 U.S.C. § 1641(g)(2); and

    C.     An interest in their mortgage loan was sold or otherwise transferred or assigned to US Bank; and

    D.     Did not receive all of the disclosures required by 15 U.S.C. § 1641(g)(1).

18.     The identities of the class members are readily identifiable through computer records and paper records, regularly maintained in Defendant's course of business

19.     The scope of this class definition, including its temporal scope, will be further refined after discovery of Defendant's books and records.

20.     The Class is so numerous as to make it impracticable to bring all members of the Class before the Court.  Upon information and belief, the class includes thousands of members.  In some instances, such persons may be unaware that claims exist on their behalf. To the extent that class members have knowledge of their claims, their damages are in such amounts that when taken individually, they may be too small to justify the expense of a separate lawsuit.

21.     The representative Plaintiffs' claims are typical of, if not identical to, the claims of the class.

22.     The representative Plaintiffs will fairly and adequately represent the members of the class and has no interests which are antagonistic to the claims of the Class.

4

23.    The representative Plaintiffs have retained counsel who are competent and experienced in consumer class action litigation, and have successfully represented consumers in numerous complex class actions.

24.    Counsel have agreed to handle this case on a contingent basis, with their compensation for professional services only as awarded by the Court.

25.    Common questions of law and fact impact the rights of each member of the Class and a common remedy by way of statutory damages is sought for the Class.

26.    There are numerous and substantial questions of law and fact common to all members of the Class which will control in this litigation and which will predominate over any so-called individual issues.

27.    A class action provides a fair and efficient method, if not the only method, for adjudicating this controversy.

28.    The substantive claims of the representative Plaintiffs and the class are identical and will require evidentiary proof of the same kind and application of the same law.

29.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because class members number in the thousands and individual joinder is impracticable.

30.    The expense and burden of individual litigation would make it impracticable or impossible for proposed class members to prosecute their claims individually.

WHEREFORE, Plaintiffs for themselves and on behalf of the class of borrowers described above, demand judgment against Defendant US Bank and the following relief:

A)   An order certifying that this action may be maintained as a class action, as defined above, under Fed.R.Civ.R. 23(a) and 23(b)(3);

B)   An order appointing Plaintiffs as representative of the class;

C)   An order appointing the undersigned counsel as class counsel pursuant to Fed.R.Civ.R. 23;

D)   An order directing that reasonable notice of the class action be provided to all members of the class at the appropriate time;

E)   For violating TILA, an order and judgment finding that the Defendant is liable as a matter of law to each member of the class for damages, costs and fees, as provided pursuant to 15 U.S.C. § 1640(a);

G)   An award of reasonable attorney's fees as provided by law and statute;

H)   An award of costs and expenses incurred in this action; and

I)   An award for such other relief as the court may deem just and proper.


**PLAINTIFFS DEMAND TRIAL BY JURY AS TO ALL CLAIMS ASSERTED HEREIN**

_____
KENNETH J. RIEMER
EARL P. UNDERWOOD, JR.
Attorneys for Plaintiffs

**OF COUNSEL**
Underwood & Riemer, P.C.
21 South Section Street
Fairhope, Alabama 36532
(251) 990.5558 Telephone

6

(251) 990.0626 Facsimile
kjr@alaconsumerlaw.com
epunderwood@alalaw.com

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

US Bank Home Finance, LLC
c/o CT Corporation System
2 North Jackson St., Stuie 605
Montgomery, AL  36104

2011003792   Book-6742   Page-794
Total Number of Pages: 1

State of Alabama-Mobile County
I certify this instrument was filed on:
January 14, 2011 @   3:58:15 PM
S.R. FEE                              $2.00
RECORDING FEES                       $3.50
TOTAL AMOUNT                         $5.50

STATE OF ALABAMA                    )

COUNTY OF MOBILE                    )

2011003792
Don Davis, Judge of Probate

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, the undersigned MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (the "Assignor"), does hereby transfer, assign, set over and convey unto US BANK NATIONAL ASSOCIATION (the "Assignee"), its successors, transferees, and assigns forever, all right, title and interest of said Assignor in and to that certain Mortgage executed by JEFF SMART, A MARRIED MAN JOINED HEREIN BY MIRANDA SMART, to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., SOLELY AS NOMINEE FOR COLONIAL BANK dated June 16, 2009, and filed for record in Book 6548, Page 4, in the Probate Office of Mobile County, Alabama.

It is expressly understood and agreed that the within transfer and assignment of the said Mortgage is without warranty, representation or recourse of any kind whatsoever.

IN WITNESS WHEREOF, said Assignor has hereunto set its signature this 23 day of Dec. 2010.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By: _Kim Stewart_

Its: Kim Stewart Asst Secretary

STATE OF Kentucky                   )

COUNTY OF Daviess                   )

I, Heather Postlewaite, a Notary Public in and for said County in said State, hereby certify that Kim Stewart, whose name as Asst Sect of Mortgage Electronic Registration Systems, Inc., a Corporation, is signed to the foregoing conveyance and who is known to me, acknowledged before me on this day that, being informed of the contents of said conveyance, he/she, as such Asst. Sect., and with full authority, executed the same voluntarily for and as the act of said Corporation.

Given under my hand this the 23 day of Dec, 2010.

_Heather Postlewaite_
Notary Public

My Commission Expires: 1-17-12

OFFICIAL SEAL
HEATHER POSTLEWAITE
NOTARY PUBLIC - KENTUCKY
STATE-AT-LARGE
My Comm. Expires Jan. 17, 2012

This instrument prepared by:
Colleen McCullough
Sirote & Permutt, P.C.
P. O. Box 55727
Birmingham, AL. 35255
Sirote #: 198929

6850174671